IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-48-FL

| | | |
|---|---|---|
| WAKE COUNTY NC HUMAN SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| WILLIAM SCOTT DAVIS, JR., | ) ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. § 1915(e)(2)(B). Defendant has filed four motions in response to the M&R during the time period provided for objections, including a motion for extension of time. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court denies defendant's motion for extension of time, adopts the recommendation of the magistrate judge and remands the action. The remaining motions are dismissed as moot.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The present action is an attempt by defendant to remove a civil action brought against him in 2009 by Wake County Human Services for abuse of process (Case No. 09-CVS-5181). The magistrate judge granted defendant's motion to proceed in forma pauperis, but recommends remanding the action to state court on the basis that the action is frivolous and the court is without jurisdiction over the matter. A pre-filing injunction entered in this court on March 3, 2014, notes that this case is one of multiple attempts on the part of defendant to remove actions from North Carolina state court concerning the same subject matter. See Davis v. Mitchel, 5:12-cv-493-F (E.D.N.C. March 3, 2014).

The court considers first plaintiff's motion to extend time to file objections, where seeks an extension due to health reasons and a need to conduct further legal research. Where plaintiff filed three detailed motions in the weeks preceding the motion for extension of time, and where plaintiff has demonstrated ability to file multiple actions in this court recently, the court does not find good cause for the extension. Accordingly, the motion for extension of time is DENIED.

Turning to the merits of frivolity review, in the M&R, it is recommended that the action be remanded to state court on the basis that the action is frivolous and the court is without jurisdiction over the matter. Pursuant to 28 U.S.C. § 1446(b)(1), a civil defendant must file a notice of removal within thirty (30) days after the receipt by the defendant of a copy of the initial pleading or service of summons. This requirement is jurisdictional. See Barbour v. Int'l. Union, 640 F.3d 599, 605 (4th Cir.2011) (en banc), abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B). Here, plaintiff seeks to remove a state court action filed in March 2007, in which judgment was entered September 2009. Accordingly, plaintiff's notice of removal is untimely, and this action must be remanded to state

court. In addition, where this court lacks jurisdiction over this matter, plaintiff's remaining motions will be dismissed as moot.

## CONCLUSION

Based on the foregoing, defendant's motion for extension of time (DE 10) is DENIED. Upon considered reviewed of the M&R and the record, the court ADOPTS the findings and recommendations of the magistrate judge in full. Pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1915(e)(2)(B), this matter is REMANDED to Wake County Superior Court. The remaining pending motions are DISMISSED as moot. The clerk is directed to close this case.

SO ORDERED, this the 20th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge